IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **R.L. McCURDY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02453-SHL-atc |
| | ) | |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On June 25, 2024, Plaintiff R.L. McCurdy filed a *pro se* Complaint "seeking a permanent injunction against the State of Tennessee from enforcing its law, SB 1257, which bans and restricts a woman from exercising her constitutional right to have a medically approved procedure, such as an abortion." (ECF No. 1, at 1.) McCurdy also filed a motion to proceed *in forma pauperis*, which was subsequently granted. (ECF Nos. 2, 6.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons set forth below, it is recommended that McCurdy's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of standing.

### PROPOSED FINDINGS OF FACT

In his Complaint, McCurdy broadly alleged that SB 1257 is unconstitutional and violates the Fourteenth Amendment, but he failed to make any factual allegations that he has suffered any actual or imminent injury through the enactment or enforcement of SB 1257 by Defendant.

(ECF No. 1, at 1–4.)  Thus, McCurdy's Complaint failed to adequately demonstrate standing.  As a result, on November 14, 2024, the Court entered an Order requiring McCurdy to file an amended complaint by December 5, 2024, that remedied this standing deficiency.  (ECF No. 8.)  McCurdy filed his Amended Complaint on November 25, 2024.  (ECF No. 9.)

In his Amended Complaint, McCurdy broadly proclaims that it is his "right as a citizen, as defined by the Fourteenth Amendment, Section 1 of the U.S. Constitution, to challenge any law that may be passed by . . . any state legislature."  (*Id.* at 1.)  He goes on to claim that SB 1257's existence "exposes [him] to mental and emotional injury.  Especially when [he] witness[es] the mental and emotional injury its enforcement exacts on [his] fellow citizens, specifically women . . . ."  (*Id.*)  However, other than these generalized grievances, McCurdy does not allege any facts in either his original or Amended Complaint that show that he personally suffered an actual injury as a result of Defendant's alleged conduct.

## PROPOSED CONCLUSIONS OF LAW

**I.      28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

## II. Lack of Standing

"The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Birchfield v. Tennessee*, No. 3:23-cv-252, 2023 WL 5978203, at *2 (E.D. Tenn. Aug. 28, 2023), *report and recommendation adopted*, 2023 WL 5963781 (E.D. Tenn. Sep. 13, 2023) (quoting *Reynolds v. Talberg*, No. 1:18-cv-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020)). "This means that the court can only hear cases that are justiciable, and '[a] critical component of justiciability is standing.'" *Id.* (quoting *Reynolds*, 2020 WL 6375396, at *2); *see also Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2)).

"It is Plaintiff's burden to establish standing." *Birchfield*, 2023 WL 5978203, at *2 (citing *Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019)); *see also Bradley*, 402 F. Supp. 3d at 403 (dismissing the case during the § 1915(e)(2) screening process because the plaintiff had failed to allege standing). "In order to have standing, a plaintiff's injury must be (1) 'concrete and particularized,' and (2) 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 (1992) (cleaned up)). "In other words, a 'generalized grievance' is not sufficient." *Id.* (quoting *Reynolds*, 2020 WL 6375396, at *2); *see also Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) (dismissing the case during the § 1915(e)(2) screening process for, among other things, lack of standing because "Plaintiff utterly fails to allege that he has suffered or will suffer an actual injury if the Court declines to address his claim").

3

"[A] generalized grievance based on the heavy hand of the government is not a cognizable injury." *Norton v. Beasley*, No. 21-6053, 2022 WL 17348385, at *8 (6th Cir. Dec. 1, 2022 (citing *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013), for the proposition that "[a] 'generalized grievance,' no matter how sincere, is insufficient to confer standing"; *Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 415 (6th Cir. 2021), for the proposition that "mental displeasure with government action 'falls well short of a concrete harm needed to establish Article III standing'"; and *Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, 13 F.4th 531, 537 (6th Cir. 2021), for the proposition that "'disagreement' with government action 'is not an injury, no matter how "sharp and acrimonious" it may be'"). Furthermore,

> [i]n the context of injunctive relief, a plaintiff "must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions. Abstract injury is not enough. The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"

*Bradley*, 402 F. Supp. 3d at 402 (quoting *Plinton v. Cnty. of Summit*, No. 5:06-cv-1872, 2007 WL 527866, at *1 (N.D. Ohio Feb. 14, 2007)).

Here, McCurdy has not alleged that he himself has suffered an actual or imminent injury caused by the alleged conduct of Defendant. *See Birchfield*, 2023 WL 5978203, at *2 (quoting *Lujan*, 504 U.S. at 560–61). Though he may sincerely disagree with SB 1257 and may subjectively suffer mental anguish over its passage and enforcement, McCurdy has failed to allege any concrete, particularized, and actual/imminent injury that might demonstrate standing in this case. As a result, this case should be dismissed for lack of standing.

4

## RECOMMENDATION

For the foregoing reasons, the Court recommends that McCurdy's claims be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of standing.

Respectfully submitted this 14th day of January, 2025.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.