**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| R.L. McCURDY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02453-SHL-atc |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION FOR SUA SPONTE
DISMISSAL AND DISMISSING THE CASE**

After conducting an initial screening under Local Rule 4.1(b)(2),[1] Magistrate Judge

Annie T. Christoff entered a Report and Recommendation for Sua Sponte Dismissal of this case.

(ECF No. 10.)  Because Plaintiff R.L. McCurdy does not plead any facts demonstrating that he

suffered an injury-in-fact, Judge Christoff recommends dismissal.  (Id. at PageID 21–22.)

McCurdy filed a complaint for injunctive relief against the State of Tennessee, seeking to

prevent the State from enforcing "SB 1257, which bans and restricts a woman from exercising

her constitutional right to have a medically approved procedure, such as an abortion."  (ECF No.

1 at PageID 1.)  Because SB 1257 prevents women from obtaining an abortion, McCurdy asserts

that it causes women to suffer "undue physical and mental anguish and the possibility of death."

(Id. at PageID 3.)  But McCurdy never alleges any facts to demonstrate how he has suffered an

actual or imminent injury resulting from SB 1257's enactment or enforcement.  (ECF No. 1 at

PageID 1–4.)

---

[1] Local Rule 4.1 (b)(2) requires the Court to conduct a screening under 28 U.S.C. §
1915(e)(2)(B) before the Clerk can issue a summons in a case with a non-prisoner pro se
plaintiff.  Under that provision, the Court must dismiss the case if it fails to state a claim upon
which relief can be granted.  § 1915(e)(2)(B)(ii).

In lieu of immediately recommending dismissal, Judge Christoff gave McCurdy a chance

to amend his complaint to allege an injury.  (ECF No. 8 at PageID 15.)  McCurdy timely filed his

amended complaint, but he still failed to plead standing.  (See ECF No. 9 at PageID 16–17.)  He

states that he has standing to challenge any law that violates the Constitution, and SB 1257

"exposes" him "to mental and emotional injury" because he is forced to "witness the mental and

emotional injury it's [sic] enforcement exacts on [his] fellow citizens, specifically women."  (Id.

at PageID 17.)

The R&R reasons that McCurdy's sincere disagreement with SB 1257 and his subjective

anguish over its passage and enforcement are not enough to demonstrate standing.  (ECF No. 10

at PageID 24.)  These allegations are merely "generalized grievances" (id. at PageID 22), and a

"generalized grievance" is not sufficient to plead standing (id. at PageID 23 (quoting Birchfield

v. Tennessee, No. 3:23-cv-252, 2023 WL 5978203, at *2 (E.D. Tenn. Aug. 28, 2023), report and

recommendation adopted, 2023 WL 5963781 (E.D. Tenn. Sep. 13, 2023)).  Thus, Judge

Christoff recommends that the Court sua sponte dismiss McCurdy's amended complaint.  (Id.)

A magistrate judge may submit to a judge of the court proposed findings of fact and

recommendations that assist in the determination of certain pretrial matters.  28 U.S.C. §

636(b)(1)(A)–(B).  "Within 14 days after being served with a copy of the recommended

disposition, a party may serve and file specific written objections to the proposed findings and

recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  A district court

reviews de novo only those proposed findings of fact or conclusions of law to which a party

specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3).

McCurdy's deadline to object to the R&R was January 28, 2025, and he has not filed any

objections.  The Court has therefore reviewed the R&R in its entirety for clear error and finds

none.  The R&R correctly identifies that dismissal is appropriate here because McCurdy's

"mental displeasure with government action 'falls well short of a concrete harm needed to

establish Article III standing.'"  (ECF No. 10 at PageID 24 (quoting <u>Glennborough Homeowners</u>

<u>Ass'n v. U.S. Postal Serv.</u>, 21 F.4th 410, 415 (6th Cir. 2021)).)  Thus, the Court **ADOPTS** the

R&R and McCurdy's amended complaint is **DISMISSED WITHOUT PREJUDICE** for lack

of standing.

      **IT IS SO ORDERED,** this 11th day of February, 2025.

                    s/ Sheryl H. Lipman
                    SHERYL H. LIPMAN
                    CHIEF UNITED STATES DISTRICT JUDGE